————o————

5224.

(Court of Appeal, Parish of Orleans).

## ARMSTRONG DONALDSON vs. STATE REALTY COMPANY ET ALS.

1. Where a purchaser under an agreement of sale sues for the return of his deposit amounting to less than $100, on the ground that his vendor has no such valid unencumbered title as he would be legally bound to accept, the City Courts are vested with jurisdiction notwithstanding that trial of title to realty may be involved.

2. A purchaser under an agreement of sale is entitled to the return of his deposit where the title is not unquestionably good but suggestive of litigation, particularly where it does not appear that the vendor can deliver possession of the property.

Appeal from the First City Court, Division "B."

Benjamin Ory, for plaintiff and appellee.

A. J. Rossi, attorney for State Realty Co., defendant and appellant.

Robert O'Connor, attorney for Miltenberger & Hincks, defendants and appellants.

B. R. Forman, for defendant and appellant.

GODCHAUX, J.—This case, which has been referred to and considered by the court en banc, is for the recovery or return of $48, which plaintiff deposited in part payment of the purchase price of real estate under an executory agreement of sale, and the right of recovery is based upon the allegation that the defendant does not possess such a valid unencumbered title as plaintiff is bound to accept.

The claim that the lower court was without jurisdiction because a determination of the cause involved a trial of title to real estate, is not well founded.

> Schick vs. Corbett et als, 52 An. 180 and authorities therein cited.

On the merits it appears that the State, having acquired the property for unpaid taxes, sold it to defendant and that the latter has been confirmed in the ownership of its tax title by judgment of the Civil District Court. On the other hand there appear of record two other outstanding titles to apparently the same property, one in favor of Saxton Realty Company arising from a purchase from Widow Mazerat, and the other in favor of one Bert Champion, who purchased from the Virginia Holdings Company, the latter company having acquired same at a sale for city taxes. Moreover Champion has likewise been confirmed and quieted by judgment of the District Court in his ownership and possession under this tax title and it does not appear that defendant is in possession or can deliver possession of the property to plaintiff.

Under the circumstances and without the necessity of passing upon the validity of the outstanding titles, the holders of which are not before the court, there is sufficient suggestion of future litigation to entitle plaintiff to recover his deposit.

> Lindner vs. Newfield, 5 Court of Appeal, 281.

The judgment of the lower court was in favor of plaintiff and it is affirmed.

April 3, 1911.

————o————

5275.

(Court of Appeal, Parish of Orleans).